### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                                                                   No. CR 11-1526 JB

AERO NEZ,

      Defendant.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the United States' Opposed Motion to Continue Trial Setting, filed September 1, 2011 ("Motion")(Doc. 31). The Court held a hearing on September 9, 2011. The primary issue is whether the Court should continue the September 19, 2011 trial for at least forty-five days because: (i) the Plaintiff United States of America has not had adequate time to investigate Defendant Aero Nez' alibi witnesses; and (ii) the wife of the United States' case agent is due to give birth on September 19, 2011. At the hearing, Nez clarified that he no longer opposed the Motion as long as the time of delay is not counted against him for speedy trial purposes. See Transcript of Hearing at 4:15-5:9 (taken September 9, 2011)("Tr.")(Rein).[1] Because Nez stated at the hearing that he does not oppose the Motion and the applicable factors in 18 U.S.C. § 3161(h)(7)(B) weigh in favor of allowing the continuance, the Court will grant the Motion. The Court will continue the trial until October 11, 2011.

### PROCEDURAL BACKGROUND

Trial is currently set for September 19, 2010. The United States has requested a continuance

---

[1]The Court's citations to the transcript of the hearing refers to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

of at least forty-five days from the current trial setting.  See Motion ¶ 18, at 6-7.  The United States alleges in its Motion that it cannot proceed to trial on that date, because it did not receive a timely disclosure of Nez' alibi witnesses and consequently has not been able to conduct a sufficient investigation of these witnesses.  See Motion ¶¶ 2-13, at 1-5.  The United States contends that it timely transmitted to Nez on May 22, 2011 a letter requesting notice of any intended alibi defense pursuant to rule 12 of the Federal Rules of Criminal Procedure.  See Motion ¶ 2, at 1-2.  The United States alleges that, as of August 24, 2011, ninety-four days after it first requested notice of an alibi defense and twenty-six days before the current trial date, it had not received notice of any alibi defense.  See Motion ¶ 5, at 2.  On August 24, 2011, the United States filed its Notice of Demand for Alibi that reiterated the request previously made on May 22, 2011.  See Doc. 28.  On August 30, 2011, Nez filed his response to this Notice of Demand for Alibi.  See Doc. 30.  Based on the timing of the disclosure and its inability to conduct a sufficient investigation into the knowledge these three witnesses have of Nez' alibi defense, the United States argues that it requires additional time to conduct an investigation into the witnesses' knowledge of Nez's alibi defense.  See Motion ¶¶ 7-9, at 2-3.  The United States asserts that although it has interviewed two of the witnesses in the past, it did not know they would testify about an alibi defense at that time.  See Motion ¶ 7, at 2-3.  The United States said in its Motion that it is not aware of the location of one of the three alibi witnesses. See Motion ¶ 8, at 3.

In its second ground for the Motion, the United States asserts that the wife of its main case agent for this trial is due to give birth on September 19, 2011, the day the case is scheduled for trial. See Motion ¶ 14, at 5.  Consequently, this conflict may jeopardize the United States' ability to call this case agent as a witness given the circumstances, including that he and his wife live three hours from the location of the trial in Albuquerque.  See Motion ¶ 14-16, at 5-6.  Alternatively, the United

States argues that, even if the case agent's wife does not give birth immediately on September 19, 2011, the case agent would still not be mentally and physically capable of performing adequately at trial based on the impending birth. See Motion ¶¶ 14-16, at 5-6. The parties have both agreed that, pursuant to 18 U.S.C. § 3161(h)(7)(A), all the time from the date of the order granting the extension to the jury trial be excluded for purposes of the Speedy Trial Act. See Motion ¶ 17, at 6.

Nez originally opposed the Motion as stated in his Response, filed September 2, 2011, based on the United States' characterization of his cooperation with the United States regarding the alibi defense. See Doc. 32. Once the parties had worked out their differences before the hearing on September 9, 2011, however, Nez clarified that he did not oppose the Motion as long as the time of delay resulting from the continuance would not count against him for speedy trial purposes. See Tr. at 4:15-5:9 (Rein). In response, the United States represented that any delay resulting from granting the continuance would not count against Nez for Sixth Amendment purposes of calculating unreasonable delay. See Tr. at 8:2-7 (Burkhead). The United States asserted at the hearing that a continuance "somewhere in the order of three weeks" would avoid any potential problems. Tr. at 4:6-9 (Burkhead).

Additionally, the parties gave at the hearing some additional grounds for a continuance other than those stated in the Motion. For instance, Nez stated that there were hundreds of pages missing from some medical records of the alleged victim in the case that the parties would need to obtain before trial. See Tr. at 6:21-24 (Rein). Nez then asserted that he had not yet received from the United States a copy of the transcript from a hearing that had taken place in a separate proceeding that was relevant to his defenses. See Tr. at 7:4-6 (Rein). Nez also stated that there are a number of motions each side has filed regarding jury instructions and things of a pre-trial nature to which neither side has had a chance to respond or otherwise address. See Tr. at 7:7-9 (Rein). Nez asserted

that he did not believe that this work could have been completed any sooner. See Tr. at 7:9-11 (Rein).

## LAW REGARDING THE SPEEDY TRIAL ACT

"'The dual purpose of the Speedy Trial Act is to protect a defendant's constitutional right to a speedy indictment and trial, and to serve the public interest in bringing prompt criminal proceedings.'" United States v. Saltzman, 984 F.2d 1087, 1090 (10th Cir. 1993)(quoting United States v. Noone, 913 F.2d 20, 28 (1st Cir. 1990)). The Speedy Trial Act, 18 U.S.C. § 3161(c)(1), reads in relevant part:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs. If a defendant consents in writing to be tried before a magistrate judge on a complaint, the trial shall commence within seventy days from the date of such consent.

18 U.S.C. § 3161(c)(1) (2006).

The Speedy Trial Act requires "that an accused person's trial must begin within seventy days of his indictment or initial appearance, whichever is later." United States v. Cano-Silva, 402 F.3d 1031, 1034 (10th Cir. 2006)(citing 18 U.S.C. § 3161(c)(1)). The Speedy Trial Act provides that certain periods of delay are not calculated in computing the time limits for trial. 18 U.S.C. § 3161(h) states in relevant part:

> (h) The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence:
>
> (1) Any period of delay resulting from other proceedings concerning the defendant, including but not limited to--
>
>> (A) delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant;

> . . . .
>
> (F) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion;
>
> . . . .
>
> (J) delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court.
>
> . . . .
>
> (4) Any period of delay resulting from the fact that the defendant is mentally incompetent or physically unable to stand trial.
>
> . . . .
>
> (7)(A) Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h). Courts are instructed to consider specific factors when determining whether to grant a continuance under section (A) of 18 U.S.C. § 3161(h)(7):

> (B) The factors, among others, which a judge shall consider in determining whether to grant a continuance under subparagraph (A) of this paragraph in any case are as follows:
>
> > (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
> >
> > (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions

> of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
>
> (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B).

The district court must make clear on the record its reasons for granting an ends-of-justice continuance. See United States v. Toombs, 574 F.3d 1262, 1269 (10th Cir. 2009). "Simply identifying an event, and adding the conclusory statement that the event requires more time for counsel to prepare, is not enough." United States v. Toombs, 574 F.3d at 1271-72 (citations omitted). See United States v. Hernandez-Mejia, 406 Fed. App'x 330, 336-37 (10th Cir. 2011)("[T]he record, which includes the oral and written statements of both the district court and the moving party, must contain an explanation of why the mere occurrence of the event identified by the party as necessitating the continuance results in the need for additional time." (quoting United States v. Toombs, 574 F.3d at 1271-72)).

"If a defendant is not brought to trial within the time limit required by section 3161(c) as extended by section 3161(h), the information or indictment shall be dismissed on motion of the defendant." 18 U.S.C. § 3162(a)(2). The defendant has the burden of proof of supporting the motion. See 18 U.S.C. § 3162(a)(2). In determining whether to dismiss the case with or without

prejudice, the court shall consider, among others, each of the following factors: (i) the seriousness of the offense; (ii) the facts and circumstances of the case which led to the dismissal; and (iii) the impact of a reprosecution on the administration of this chapter and on the administration of justice. See 18 U.S.C. § 3162(a)(2). When assessing this second factor, the facts and circumstances of the case which led to dismissal, the district court should consider both the conduct of the prosecution and the defendant in determining who bears primary responsibility for the delay. See United States v. Taylor, 487 U.S. 326, 338-40 (1988)(holding that the district court should have taken into account defendant's failure to appear at the trial rather than just the government's conduct when applying this second factor). Failure of the defendant to move for dismissal before trial or entry of a plea of guilty or nolo contendere shall constitute a waiver of the right to dismissal under this section. See 18 U.S.C. § 3162(a)(2).

## LAW REGARDING UNREASONABLE DELAY IN CRIMINAL CASES UNDER THE SIXTH AMENDMENT

"The Sixth Amendment guarantees all criminal defendants the right to a speedy trial; [the Tenth Circuit] ha[s] applied this right from arrest through sentencing." United States v. Yehling, 456 F.3d 1236, 1243 (10th Cir. 2006)(citing Perez v. Sullivan, 793 F.2d 249, 253 (10th Cir. 1986); Pollard v. United States, 352 U.S. 354, 361 (1957)). "Protection against unreasonable delay in the appellate process is similarly provided by the Fifth Amendment right to due process of law." United States v. Yehling, 456 F.3d at 1242 (citing Harris v. Champion, 15 F.3d 1538, 1558 (10th Cir. 1994)(applying, through the Fourteenth Amendment, the right to due process when there was a delay in adjudicating a petitioner's direct criminal appeal)). In evaluating claims of unreasonable delay in criminal cases, the Tenth Circuit reviews questions of law de novo and questions of fact for clear error. See United States v. Yehling, 456 F.3d at 1242.

In <u>Barker v. Wingo</u>, 407 U.S. 514 (1972), the Supreme Court established a balancing test to determine whether a particular delay violates a defendant's right to a speedy trial. <u>See</u> 407 U.S. at 533. The Supreme Court identified four factors that a court should assess and balance: (i) the length of delay; (ii) the reason for the delay; (iii) the defendant's assertion of his speedy trial right; and (iv) whether the delay prejudiced the defendant. <u>See</u> <u>Barker v. Wingo</u>, 407 U.S. at 533; <u>United States v. Yehling</u>, 456 F.3d at 1243. No one of the <u>Barker v. Wingo</u> factors is "necessary or sufficient to conclude a violation has occurred." <u>United States v. Toombs</u>, 574 F.3d 1262, 1274 (10th Cir. 2009)(citation omitted). "Instead, the factors are related and must be considered together along with other relevant circumstances." <u>United States v. Toombs</u>, 574 F.3d at 1274 (citation omitted).

"The first factor, length of delay, functions as a 'triggering mechanism.'" <u>United States v. Yehling</u>, 456 F.3d at 1243 (quoting <u>Barker v. Wingo</u>, 407 U.S. at 530). 'The remaining factors are examined only if the delay is long enough to be presumptively prejudicial." <u>United States v. Yehling</u>, 456 F.3d at 1243 (citing <u>Barker v. Wingo</u>, 407 U.S. at 530). The Tenth Circuit has stated that "[d]elays approaching one year generally satisfy the requirement of presumptive prejudice." <u>United States v. Batie</u>, 433 F.3d 1287, 1290 (10th Cir. 2006)(citing <u>Doggett v. United States</u>, 505 U.S. 647, 652 n.1 (1992); <u>Jackson v. Ray</u>, 390 F.3d 1254, 1261 (10th Cir. 2004)).

"The second factor, the reason for the delay, 'weighs against the government in proportion to the degree to which the government caused the delay.'" <u>United States v. Yehling</u>, 456 F.3d at 1244 (quoting <u>United States v. Batie</u>, 433 F.3d at 1291). "Purposeful delay weighs heavily against the government." <u>United States v. Yehling</u>, 456 F.3d at 1244 (citing <u>Barker v. Wingo</u>, 407 U.S. at 531). "A more neutral reason such as negligence or overcrowded courts [is] weighted less heavily but nevertheless should be considered since the ultimate responsibility for such circumstances must

rest with the government rather than with the defendant." United States v. Yehling, 456 F.3d at 1244 (citation omitted).  Additionally, the district court should consider the defendant's share of the responsibility for the delay.  See Strunk v. United States, 412 U.S. 434, 436 (1973).

"The third factor assesses whether a defendant asserted his right to adjudication without unreasonable delay." United States v. Yehling, 456 F.3d at 1244 (citation omitted).  "In Barker, the Supreme Court rejected the contention that a defendant who fails to demand a speedy trial waives the right." United States v. Yehling, 456 F.3d at 1244 (citing Barker v. Wingo, 407 U.S. at 528). "The Court also declined to adopt the antithetical view that a defendant has no duty to assert the right." United States v. Yehling, 456 F.3d at 1244 (citing Barker v. Wingo, 407 U.S. at at 528). "Instead, the Court determined a defendant's assertion of, or failure to assert, his right to a speedy trial is merely one factor to be considered in determining whether the right has been violated." United States v. Yehling, 456 F.3d at 1244 (citing Barker v. Wingo, 407 U.S. at at 528).

The final factor set forth in Barker v. Wingo analyzes whether the delay prejudiced the defendant.  See United States v. Yehling, 456 F.3d at 1244 (citing Barker v. Wingo, 407 U.S. at 532).  The Tenth Circuit has recognized that, "[w]hile a showing of prejudice may not be absolutely necessary in order to find a Sixth Amendment violation, we have great reluctance to find a speedy trial deprivation where there is no prejudice." Perez v. Sullivan, 793 F.2d at 256 (citing Moore v. Arizona, 414 U.S. 25, 26 (1973); United States v. Martinez, 776 F.2d 1481, 1483 (10th Cir. 1985); United States v. Brown, 600 F.2d 248, 254 (10th Cir. 1979)).  If there is extreme delay, "the defendant need not present specific evidence of prejudice and instead may rely on the presumption of prejudice created by the extreme delay." United States v. Toombs, 574 F.3d at 1275 (citing Doggett v. United States, 505 U.S. at 655).  If the delay is not sufficiently extreme for the defendant to rest on the presumption of prejudice created by the extreme delay, a defendant must make "a

particularized showing of prejudice." United States v. Toombs, 574 F.3d at 1275. In determining whether the defendant has made a "particularized showing of prejudice," a court should consider "the three interests the speedy trial right was designed to protect: (1) prevention of oppressive pretrial incarceration, (2) minimization of the accused's anxiety and concern, and (3) minimization of the possibility that a delay will hinder the defense." United States v. Toombs, 574 F.3d at 1275 (citing Barker v. Wingo, 407 U.S. at 532). See United States v. Yehling, 456 F.3d at 1244 (citation omitted). "The most important of these interests is the impairment or hindrance of the defense." United States v. Toombs, 574 F.3d at 1275 (citing Barker v. Wingo, 407 U.S. at 532). "If witnesses die or disappear during a delay, the prejudice is obvious. There is also prejudice if defense witnesses are unable to recall accurately events of the distant past." Barker v. Wingo, 407 U.S. at 532. "The individual claiming the Sixth Amendment violation has the burden of showing prejudice." United States v. Toombs, 574 F.3d at 1275 (citation omitted). "[O]nce a defendant has been convicted, the rights of society increase in proportion to the rights of the defendant." United States v. Yehling, 456 F.3d at 1245 (citation omitted). "Post-conviction prejudice therefore 'must be substantial and demonstrable.'" United States v. Yehling, 456 F.3d at 1245 (citation omitted).

## ANALYSIS

There are good grounds to grant the motion to continue the trial. Neither side will be ready for trial on September 19, 2011. If the issue ever becomes relevant, however, the Court will not credit Nez with the delay.

**I.  THE BEST INTERESTS OF THE PUBLIC AND OF NEZ AND THE ENDS OF JUSTICE WEIGH IN FAVOR OF GRANTING A CONTINUANCE.**

Failing to grant the continuance would likely result in a miscarriage of justice, particularly because the United States' case agent, a key witness in the case, expects his wife to give birth on

September 19, 2011.  See 18 U.S.C. § 3161(h)(7)(B)(i).  The expected date of delivery is the day the trial will currently begin absent a continuance.  As the United States has argued and Nez does not dispute, the case agent's wife lives three hours away, and that the agent's wife is giving birth may result in the agent not appearing as a witness at all or in his becoming distracted from his job duties.  See Motion ¶¶ 14-16, at 5-6.  Additionally, that the United States has not had adequate time to investigate Nez' alibi witnesses could result in a miscarriage of justice.  The United States asserts in its Motion that it has not yet had the opportunity to interview all three alibi witnesses regarding their knowledge of the alibi, and is still unaware of the location of one of them.  See Motion ¶¶ 7-8, 2-3.

While this case is not so unusual or complex that it falls into clause (ii) of 18 U.S.C. § 3161(h)(7)(B), Nez stated at the hearing that: (i) the parties are missing hundreds of pages of medical records regarding the alleged victim in the case; (ii) he has not yet received a transcript from the United States from another proceeding that would be relevant to his defenses; and (iii) the parties have not yet worked out a variety of issues on jury instructions and other pre-trial matters.  The same concern is present regarding the United States' inability to adequately investigate these alibi witnesses in the remaining time before trial.  Given the short time before trial, along with Nez' statement and the United States' contention that these issues could not have been worked out any sooner, the failure to grant this continuance for both Nez and for the United States would deny them the reasonable time necessary for effective preparation, taking into account their exercise of due diligence.  See 18 U.S.C. § 3161(h)(7)(B)(iv).

Accordingly, after weighing the best interests of the public and of Nez with the ends of justice, the Court finds that granting a continuance will strike a proper balance between the ends of justice, and the bests interests of the public and of Nez, for the reasons stated in the United States'

-11-

Motion and by Nez at the hearing. Specifically, these reasons include the United States' need to get its agent to trial and Nez' need to complete critical discovery. See 18 U.S.C. § 3161(h)(7). While the Court is not granting the continuance of forty-five days that the United States requested in its Motion, it is granting the three-week extension that the United States said at the hearing was sufficient. The extension should be sufficient, without being greater than necessary, for the United States and Nez to be ready for trial.

Additionally, granting the continuance will not prejudice Nez' rights under the Speedy Trial Act. When deciding whether to dismiss a case with or without prejudice under the Speedy Trial Act, one of the factors the Court considers is the facts and circumstances of the case which led to the dismissal, including the defendant's conduct. See 18 U.S.C. § 3162(a)(2); United States v. Taylor, 487 U.S. 326, 338-40 (1988). Although it is not necessary to address this issue at this time, the circumstances of this continuance will not weigh against Nez if it becomes necessary to decide to dismiss the case with or without prejudice. First, the United States agreed at the hearing to not count the time of the delay against Nez for speedy trial purposes. See Tr. at 8:2-7 (Burkhead). Second, given that the United States initially requested the continuance and both sides have offered legitimate reasons for the continuance, no circumstances indicate that Nez should bear responsibility for this short, three-week delay. See United States v. Taylor, 487 U.S. at 338-40.

**II.   THE DELAY OF THE TRIAL WILL NOT COUNT AGAINST NEZ FOR PURPOSES OF UNREASONABLE DELAY UNDER THE SIXTH AMENDMENT.**

Granting the continuance will not result in any negative consequences to Nez under the Sixth Amendment for purposes of calculating unreasonable delay. It is not necessary to address the unreasonable delay issue at this time, because the total length of time that has passed in the case is only a few months rather than a presumptively prejudicial period of delay approaching one year.

See United States v. Yehling, 456 F.3d at 1243; United States v. Batie, 433 F.3d at 1290; Complaint, filed May 13, 2011 (Doc. 1).  Unless a presumptively prejudicial period of delay has passed, the Court should not analyze any of the other unreasonable delay factors.  See United States v. Yehling, 456 F.3d at 1243; United States v. Batie, 433 F.3d at 1290.  Additionally, the United States agreed at the hearing that it will not seek to count the time of delay against Nez for purposes of calculating unreasonable delay under the Sixth Amendment.  See Tr. at 8:2-7 (Burkhead).  Should the Court ever need to assess unreasonable delay, neither the second and third factors of the unreasonable delay analysis would weigh against Nez.  With respect to the second factor that assesses the reason for the delay, because the United States initially requested the continuance and both sides have offered legitimate reasons for the continuance, no circumstances indicate that Nez should bear responsibility for this short, three-week delay.  See Strunk v. United States, 412 U.S. at 436.  Additionally, the fact that Nez has timely raised his right to adjudication before the Court would make the third factor of the unreasonable delay analysis, the defendant's timely assertion of the right to speedy trial, weigh in his favor.  United States v. Yehling, 456 F.3d at 1244.  Thus, granting the continuance will not harm Nez if it later becomes necessary to calculate unreasonable delay under the Sixth Amendment.

**IT IS ORDERED** that the Government's Opposed Motion to Continue Trial Setting is granted and trial continued until October 11, 2011.  The Court finds, pursuant to 18 U.S.C. § 3161(h)(7)(A), that all the time from the date of this order granting the extension until the trial is excluded for the purposes of the Speedy Trial Act.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Kenneth J. Gonzales
  United States Attorney
Jack E. Burkhead
  Assistant United States Attorney
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Jeff Rein
  Jeff Rein Law
Albuquerque, New Mexico

    *Attorney for the Defendant*