**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                                     No. CR 11-1526 JB

AERO NEZ,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on: (i) Defendant Nez' Sentencing Memorandum, filed January 3, 2012 (Doc. 59)("Sentencing Memorandum"); and (ii) the United States' Sentencing Memorandum, filed January 25, 2012 (Doc. 64)("USA Sentencing Memorandum"). The Court held a sentencing hearing on February 17, 2012. The primary issue is whether the Court should accept the parties' plea agreement under rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, varying from the advisory guideline range of 37 to 46 months, and sentencing Defendant Aero Nez to 18-months incarceration. For the reasons stated on the record, and for the further reasons stated in this Memorandum Order and Opinion, the Court will grant the parties' requests for a sentence of 18-months incarceration.

**FACTUAL BACKGROUND**

"On March 27, 2011, in Indian Country located in McKinley County in the District of New Mexico, the defendant, Aero Nez, an enrolled member of the Navajo tribe, assaulted a 14 year old female while she was atop a canal ledge causing her to fall and strike her head . . . ." Presentence Investigation Report ¶ 7, at 3, disclosed December 2, 2011 ("PSR"). When the victim's mother discovered the victim, "the victim was very weak and severely injured." PSR ¶ 10, at 4. "[T]he

victim was . . . air lifted to Flagstaff Medical Hospital in Flagstaff, Arizona for further treatment." PSR ¶ 10, at 4. Nez "stated he did have a relationship with the victim," but asserted that he "never had sexual contact with her." PSR ¶ 15, at 5. Nez related that "the victim's family did not approve of their relationship." PSR ¶ 15, at 5. When asked about the incident, "[t]he victim reported that the defendant . . . picked up an object from the ground at the bottom of the canal, described as a leg from a broken metal chair frame," and then "swung the object at her." PSR ¶ 17, at 6. "The victim related to FBI agents that she received 50 staples to her head and damage to her hearing and eardrum in one ear" as a result of the incident. PSR ¶ 17, at 6. Nez admitted that the assault arose in part because he "was drinking with [his] cousin and became intoxicated." PSR ¶ 33, at 10.

## **PROCEDURAL BACKGROUND**

Nez, pursuant to a Plea Agreement, filed September 23, 2011 (Doc. 52), pled guilty to Count 2 of the Indictment, filed June 7, 2011 (Doc. 14), charging him with a violation of 18 U.S.C. § 1153 and 113(a)(6), that being assault resulting in serious bodily injury. The Plea Agreement stipulates to a sentence of 18-months imprisonment. See Plea Agreement ¶ 9, at 4. The parties agree to a 3-level reduction on Nez' offense level "so long as the Defendant continues to accept responsibility for the Defendant's criminal conduct." Plea Agreement ¶ 9, at 4. Nez agreed to waive his right to appeal his conviction "and any sentence, including any fine, at or under the maximum statutory penalty authorized by law." Plea Agreement ¶ 12, at 6.

The United States Probation Office ("USPO") disclosed a PSR for Nez on December 2, 2011. In the PSR, the USPO calculates Nez' total offense level to be 21. See PSR ¶ 43, at 12. The PSR applies, pursuant to U.S.S.G. § 2A2.2(a), a base offense level of 14. See PSR ¶ 35, at 11. The PSR includes a 4-level upward adjustment under U.S.S.G. § 2A2.2(a)(2)(B), because Nez used "a dangerous weapon" during the commission of his offense. PSR ¶ 36, at 11. The PSR applies a 6-

level enhancement under U.S.S.G. § 2A2.2(a)(3)(E), because "the victim sustained serious bodily injury resulting in surgical procedures." PSR ¶ 37, at 11. The PSR includes a 3-level reduction under U.S.S.G. § 3E1.1 based on Nez' acceptance of responsibility. See PSR ¶ 42, at 12. The PSR lists his criminal history category as I, based on 0 criminal history points. See PSR ¶ 46, at 13. The PSR calculates that an offense level of 21 and a criminal history category of I results in a guideline imprisonment range of 37 to 46 months. See PSR ¶ 73, at 17. The PSR recommends that the Court award $2,640.00 in restitution to the victim. See PSR ¶ 90, at 20.

In his Sentencing Memorandum, Nez moves the Court for a sentence of 18-months incarceration as "sufficient, but not greater than necessary" to achieve the purposes of sentencing. Sentencing Memorandum at 1. Nez argues that alcohol problems in his family contributed to his own alcohol problems. See Sentencing Memorandum at 1-3. He contends that, in support of his requested sentence, "[h]is pretrial incarceration in this case has already made a significant impact on him and his family." Sentencing Memorandum at 7. He asks the Court to consider the hardship his incarceration has had on his fiancée and five children. See Sentencing Memorandum at 7-8.

On January 25, 2012, the United States filed its USA Sentencing Memorandum. See Doc. 64. The United States asks the Court to accept the parties' rule 11(c)(1)(C) plea agreement given that it "was the end product of extensive and arm's length negotiation." USA Sentencing Memorandum at 1. It notes that it has now "avoided the time, expense, and risk of trial and the defendant, in turn, received certainty regarding incarceration." USA Sentencing Memorandum at 1. The United States notes that it has various evidentiary problems in proving the facts of this case "in that there was no eyewitness to the crime, no confession by the Defendant, no forensic evidence to speak of, and a victim who suffered head trauma that caused moderate lapses in memory." USA Sentencing Memorandum at 2. It also asserts that the victim had marijuana in her system when she

was treated at the hospital, which it represents would create a difficult situation for the United States given that the victim would likely "deny that she smoked marijuana on the date of the incident" when Nez would ask her about that matter. USA Sentencing Memorandum at 5.

At the sentencing hearing on February 17, 2012, the parties agreed to the Court reducing Nez' offense level a third level for acceptance of responsibility. See Transcript of Hearing at 2:12-3:1 (taken February 17, 2012)(Court, Burkhead, Rein)("Tr.").[1] The United States reiterated that there were significant difficulties it had in proving the case and that it had recognized that this was not a case it should bring to trial. See Tr. at 10:7-11:17 (Burkhead). It asked the Court to accept the parties' Plea Agreement. See Tr. at 13:3-5 (Burkhead).

## **ANALYSIS**

There being no disputes about the PSR's factual findings, the Court adopts them as its own. The Court adopts the sentencing calculation in the PSR as its own. An offense level of 21 and a criminal history category of I results in a guideline imprisonment range of 37 to 46 months. For the reasons stated on the record, and for the further reasons stated in this Memorandum Order and Opinion, the Court will grant the parties' requests for a sentence of 18-months incarceration.

On March 27, 2011, in McKinley County, New Mexico, Nez caused serious bodily injury to the victim within the boundaries of a Navajo reservation. The Court has carefully considered the parties' arguments and the circumstances of this case. The Court has considered the guideline range for the applicable category of offense committed by the applicable category of defendant. The Court believes that the punishment that the guidelines set forth is not appropriate for Nez' offense. The Court agrees with the parties that a sentence of 18 months is sufficient to reflect the seriousness

---

[1] The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

this offense.  The United States has pointed to some weaknesses in its case if the case were to proceed to trial, including the lack of eyewitnesses, problems with the victim's memory, no confession from Nez, and the presence of marijuana in the victim's system.  The Court has in the past held that weaknesses in the United States' case may be grounds for a variance, because in some cases, such as this one, a sentence of some length is a more just punishment than no sentence at all. See United States v. Summers, 506 F.Supp.2d 686, 698-99 (D.N.M. 2007)(Browning, J.)("The Court can, under 18 U.S.C. § 3553(a), take into account the problems with the United States' case."); United States v. Jiang, 376 F.Supp.2d 1153, 1157-58 (D.N.M. 2005)(Browning, J.)(granting a variance after examining the potential benefits to the United States and the public of not going to trial); United States v. Stone, 374 F.Supp.2d 983, 990 (D.N.M. 2005)(Browning, J.)(granting a variance after considering the United States' prospects at trial).  It is also noteworthy that Nez has 0 criminal history points.

      The Court has considered the guidelines, but, in arriving at its sentence, has taken into account not only the guidelines but other sentencing goals.  The Court believes that a sentence of 18 months is sufficient to reflect the seriousness of Nez' crime.  Other conditions that the Court will require as part of supervised release will also provide Nez with some needed education, training, and care to prevent these problems, such as alcohol abuse, from reoccurring.  This sentence adequately reflects the seriousness of the offense, promotes respect for the law, provides just punishment, affords adequate deterrence, protects the public, avoids unwarranted sentencing disparities among similarly situated defendants, and otherwise fully reflects each of the factors embodied in 18 U.S.C. § 3553(a).  While the offense is serious, it is worth noting that the United States would have significant problems proving the offense.  Given that some incarceration is better than acquittal, the Court believes the sentence reflects the seriousness of the offense.  Because Nez has 0 criminal

history points and because there are problems with the United States' case, the Court believes the sentence promotes respect for the law and provides just punishment.  Nez now has a federal felony conviction and will serve a significant amount of time in incarceration.  Thus, particularly in light of his lack of criminal history, the Court believes that the sentence affords adequate deterrence to Nez specifically and the public generally.  For the same reasons, the Court believes the sentence protects the public.  Given the problems with the United States' case, the Court does not believe that the sentence promotes unwarranted sentencing disparities among similarly situated defendants.  While the Court's task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court's job is not to impose a reasonable sentence.  Rather, a district court's mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2)." (citation omitted)) -- the Court believes this sentence is reasonable.  And perhaps most important in this calculation, given the possibility of no sentence, the Court believes that this sentence is sufficient without being greater than necessary to comply with the purposes of punishment Congress set forth in the Sentencing Reform Act of 1984, Pub. L. No. 98-473, 98 Stat. 1987 (codified as amended in scattered sections of 18 U.S.C.).  The Court sentences Nez to 18-months imprisonment.

**IT IS ORDERED** that the request to accept the parties' plea agreement under rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure contained in: (i) Defendant Nez' Sentencing Memorandum, filed January 3, 2012 (Doc. 59), is granted; and (ii) the United States' Sentencing Memorandum, filed January 25, 2012 (Doc. 64), is granted.  The Court sentences Defendant Aero Nez to 18-months imprisonment.

                                                                         _____
                                                                         UNITED STATES DISTRICT JUDGE

*Counsel:*

Kenneth J. Gonzales
  United States Attorney
Jack E. Burkhead
  Assistant United States Attorney
Albuquerque, New Mexico

      *Attorneys for the Plaintiff*

Jeff Rein
Jeff Rein Law
Albuquerque, New Mexico

      *Attorney for the Defendant*