AO 245B (Rev 12/10) Criminal Judgment Sheet 1

# UNITED STATES DISTRICT COURT
### District of New Mexico

| UNITED STATES OF AMERICA | **Judgment in a Criminal Case** |
|---|---|
| V. | |
| **Aero Nez** | (For Offenses Committed On or After November 1, 1987) |
| | Case Number: **1:11CR01526-001JB** |
| | USM Number: **62367-051** |
| | Defense Attorney: **Jeff Rein, Appointed** |

THE DEFENDANT:

☐   pleaded guilty to count(s) **2 of Indictment**
☐   pleaded nolo contendere to count(s)  which was accepted by the court.
☐   after a plea of not guilty was found guilty on count(s)

The defendant is adjudicated guilty of these offenses:

| Title and Section | Nature of Offense | Offense Ended | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. Sec. 113(a)(6) | Assault Resulting in Serious Bodily Injury, Crime in Indian Country, 18 U.S.C. Sec. 1153 | 03/27/11 | 2 |

The defendant is sentenced as provided in pages 2 through **6** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐   The defendant has been found not guilty on count .
☒   Count **s 1, 3 and 4** are dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**February 17, 2012**
_____
Date of Imposition of Judgment

**/s/ James O. Browning**
_____
Signature of Judge

**Honorable James O. Browning**
**United States District Judge**
_____
Name and Title of Judge

**May 29, 2012**
_____
Date Signed

AO 245B (Rev. 12/10) Sheet 2 - Imprisonment                                                      Judgment - Page 2 of 6

Defendant: **Aero Nez**
Case Number: **1:11CR01526-001JB**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **18 months**.

**The Court incorporates by reference its Memorandum Opinion and Order, filed May 29, 2012 (Doc. 71)("MOO"). Defendant Aero Nez, pursuant to a Plea Agreement, filed September 23, 2011 (Doc. 52), pled guilty to Count 2 of the Indictment, filed June 7, 2011 (Doc. 14), charging him with a violation of 18 U.S.C. § 1153 and 113(a)(6), that being assault resulting in serious bodily injury. The Plea Agreement under rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure stipulates to a sentence of 18-months imprisonment. See Plea Agreement ¶ 9, at 4. The parties agree to a 3-level reduction on Nez` offense level "so long as the Defendant continues to accept responsibility for the Defendant`s criminal conduct." Plea Agreement ¶ 9, at 4. Nez agreed to waive his right to appeal his conviction "and any sentence, including any fine, at or under the maximum statutory penalty authorized by law." Plea Agreement ¶ 12, at 6.**

**The United States Probation Office ("USPO") disclosed a PSR for Nez on December 2, 2011. In the PSR, the USPO calculates Nez` total offense level to be 21. See PSR ¶ 43, at 12. The PSR applies a base offense level of 14 pursuant to U.S.S.G. § 2A2.2(a). See PSR ¶ 35, at 11. The PSR includes a 4-level upward adjustment under U.S.S.G. § 2A2.2(a)(2)(B), because Nez used "a dangerous weapon" during the commission of his offense. PSR ¶ 36, at 11. The PSR applies a 6-level enhancement under U.S.S.G. § 2A2.2(a)(3)(E), because "the victim sustained serious bodily injury resulting in surgical procedures." PSR ¶ 37, at 11. The PSR includes a 3-level reduction under U.S.S.G. § 3E1.1 based on Nez` acceptance of responsibility. See PSR ¶ 42, at 12. The PSR lists his criminal history category as I, based on 0 criminal history points. See PSR ¶ 46, at 13. The PSR calculates that an offense level of 21 and a criminal history category of I results in a guideline imprisonment range of 37 to 46 months. See PSR ¶ 73, at 17. The PSR recommends that the Court award $2,640.00 in restitution to the victim. See PSR ¶ 90, at 20. There being no disputes about the PSR`s factual findings, the Court adopts them as its own.**

**Nez asks the Court for an 18-month sentence. Plaintiff United States of America agreed to this sentence in the Plea Agreement. See Plea Agreement ¶ 9, at 4. At the sentencing hearing on February 17, 2012, the parties agreed to the Court reducing Nez` offense level 3 levels pursuant to U.S.S.G. § 3E1.1. The Court adopts the sentencing calculation in the PSR as its own. An offense level of 21 and a criminal history category of I results in a guideline imprisonment range of 37 to 46 months.**

**On March 27, 2011, in McKinley County, New Mexico, Nez caused serious bodily injury to the victim within the boundaries of the Navajo reservation. The Court has carefully considered the parties` arguments and the circumstances of this case. The Court has considered the guideline range for the applicable category of offense committed by the applicable category of defendant. The Court believes that the punishment that the guidelines set forth is not appropriate for Nez` offense. The Court agrees with the parties that a sentence of 18 months is sufficient to reflect the seriousness of this offense. The United States has pointed to weaknesses in its case if the case were to proceed to trial, including the lack of eyewitnesses, problems with the victim`s memory, no confession from Nez, and the presence of marijuana in the victim`s system. The Court has in the past held that weaknesses in the United States` case may be grounds for a variance, because in some cases, such as this one, a sentence of some length is a more just punishment than no sentence at all. See United States v. Summers, 506 F.Supp.2d 686, 698-99 (D.N.M. 2007)(Browning, J.)("The Court can, under 18 U.S.C. § 3553(a), take into account the problems with the United States` case."); United States v. Jiang, 376 F.Supp.2d 1153, 1157-58 (D.N.M. 2005)(Browning, J.)(granting a variance after examining the potential benefits to the United States and the public of not going to trial); United States v. Stone, 374 F.Supp.2d 983, 990 (D.N.M. 2005)(Browning, J.)(granting a variance after considering the United States` prospects at trial). It is also noteworthy that Nez has 0 criminal history points.**

**The Court has considered the guidelines, but, in arriving at its sentence, has taken into account not only the guidelines but other sentencing goals. The Court believes that a sentence of 18 months is sufficient to reflect the seriousness of Nez` crime. Other conditions that the Court will require as part of supervised release will also provide Nez with some needed education, training, and care to prevent these problems, such as alcohol abuse, from reoccurring. This sentence adequately reflects the seriousness of the offense, promotes respect for the law, provides just punishment, affords adequate deterrence, protects the public, avoids unwarranted sentencing disparities among similarly situated defendants, and otherwise fully reflects each of the factors embodied in 18 U.S.C. § 3553(a). While the offense is serious, it is worth noting that the United States would have significant problems proving the offense. Given that some incarceration is better than acquittal, the Court believes the sentence reflects the seriousness of the offense. Because Nez has 0 criminal history points and because there are problems with the United States` case, the Court believes the sentence promotes respect for the law and provides just punishment. Nez now has a federal felony conviction and**

will serve a significant amount of time in incarceration. Thus, particularly in light of his lack of criminal history, the Court believes that the sentence affords adequate deterrence to Nez specifically and the public generally. For the same reasons, the Court believes the sentence protects the public. Given the problems with the United States` case, the Court does not believe that the sentence promotes unwarranted sentencing disparities among similarly situated defendants. While the Court`s task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court`s job is not to impose a reasonable sentence. Rather, a district court`s mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2).'' (citation omitted)) -- the Court believes this sentence is reasonable. And perhaps most important in this calculation, given the possibility of no sentence, the Court believes that this sentence is sufficient without being greater than necessary to comply with the purposes of punishment Congress set forth in the Sentencing Reform Act of 1984, Pub. L. No. 98-473, 98 Stat. 1987 (codified as amended in scattered sections of 18 U.S.C.). The Court sentences Nez to 18-months imprisonment.

☐    The court makes the following recommendations to the Bureau of Prisons:


☒    The defendant is remanded to the custody of the United States Marshal.
☐    The defendant shall surrender to the United States Marshal for this district:
        ☐    at  on
        ☐    as notified by the United States Marshal.
☐    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
        ☐    before 2 p.m. on
        ☐    as notified by the United States Marshal
        ☐    as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:


Defendant delivered on _____ to
_____ at _____ with a Certified copy of this judgment.


                    _____

                    UNITED STATES MARSHAL

                    By _____

                    DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 12/10) - Sheet 3 - Supervised Release                                                                     Judgment - Page 4 of 6

Defendant: **Aero Nez**
Case Number: **1:11CR01526-001JB**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years** .

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
The defendant shall not commit another federal, state, or local crime.
The defendant shall not unlawfully possess a controlled substance.
The defendant shall refrain from any unlawful use of a controlled substance.
The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☒   The defendant shall cooperate in the collection of DNA as directed by statute. (Check, if applicable).

☐   The defendant shall register with the state, local, tribal and/or other appropriate sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Criminal Monetary Penalties sheet of this judgment.
The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

### STANDARD CONDITIONS OF SUPERVISION

1)   the defendant shall not leave the judicial district without the permission of the court or probation officer;
2)   the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3)   the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4)   the defendant shall support his or her dependents and meet other family responsibilities;
5)   the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6)   the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7)   the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9)   the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10)  the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11)  the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12)  the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

Defendant: **Aero Nez**
Case Number: **1:11CR01526-001JB**

## SPECIAL CONDITIONS OF SUPERVISION

**The defendant must participate in and successfully complete an outpatient substance abuse treatment program, approved by the probation officer, which may include testing. The defendant is prohibited from obstructing or attempting to obstruct or tamper, in any fashion, with the collection, efficiency and accuracy of any substance abuse testing device or procedure. The defendant may be required to pay a portion of the cost of treatment and/or drug testing to be determined by the Probation Office.**

**The defendant must participate in an educational or vocational program as approved by the probation officer.**

**The defendant must submit to a search of his person, property, or automobile under his control to be conducted in a reasonable manner and at a reasonable time, for the purpose of detecting weapons, firearms, illegal substances and contraband at the direction of the probation officer. He must inform any residents that the premises may be subject to a search.**

**The defendant must refrain from the use and possession of alcohol and other forms of intoxicants.**

**The defendant must participate in and successfully complete an outpatient mental health treatment program approved by the probation officer. The defendant may be required to pay a portion of the cost of this treatment to be determined by the Probation Officer.**

**The Defendant shall not have any direct or indirect contact or communication with the victim, or go near or enter the premises where the resides, employed, attends school or treatment.**

AO 245B (Rev.12/10) Sheet 5, Part A - Criminal Monetary Penalties                                          Judgment - Page 6 of 6

Defendant: **Aero Nez**
Case Number: **1:11CR01526-001JB**

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties in accordance with the schedule of payments.

☐        The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| Totals: | Assessment | Fine | Restitution |
|---|---|---|---|
|  | **$100.00** | **$0.00** | **$6,654.00** |

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

A    ☒  In full immediately; or

B    ☐  $  immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties:Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

**Pursuant to the Mandatory Victim Restitution Act, it is ordered that the Defendant will make restitution to the family of Charlotte E. in the amount of $2,640.00 to cover all travel expenses related to this federal offense and uncovered medical costs.**

**In addition, it is further ordered that the Defendant will make restitution to The Department of Health and Human Services, Office of the Regional Counsel-Region in San Francisco, California in the amount of $4,014.00 to cover all medical procedures and examinations related to this federal offense. The Defendant shall make monthly payments in the amount of $50 or 10% of his monthly net income, whichever is greater. The restitution will be paid to the United States District Court, Clerk of the Court, which will be forwarded to the victim`s family and The Department of Health and Human Services. The Court will allow USPO to waive restitution on a month-to-month basis.**

**The Court will allow USPO to waive restitution on a month-to-month basis.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.